UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERNEST CALVINO JR.,<br><br>                        Plaintiff,<br><br>     -against-<br><br>D.E.A.,<br><br>                      Defendant. | 20-CV-0649 (CM)<br><br>ORDER OF DISMISSAL AND TO SHOW CAUSE UNDER 28 U.S.C. § 1651 WHY FILING RESTRICTIONS SHOULD NOT BE IMPOSED |

COLLEEN MCMAHON, Chief United States District Judge:

Plaintiff Ernest Calvino Jr. brings this action alleging that Defendant violated his rights. By order dated January 27, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the reasons set forth below, the Court dismisses the complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*,

550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff drafted this complaint using the general complaint form provided by this Court. After checking the box on the form to invoke the Court's federal question jurisdiction, he writes the following (in the section in which he is asked to state which of his federal constitutional or federal statutory rights have been violated): "requesting information about me[,] requesting information about investigation related to all they know about me since they started investigating me[.]" (ECF No. 2 at 2.)[1] Where asked to list the place(s) of occurrence, Plaintiff writes "New York, Springfield Massachussets [sic][,] national and International" and where asked to state the date(s) of occurrence, he writes "since early 2018." (*Id.* at 5.)

Plaintiff alleges the following:

Resquesting [sic] all Information about me related to me. Resquesting [sic] Information about complain[t] I have file[d] in the past and Information for court purposes and support with information and personal in hearing because of there [sic] neglect, civil, civil federal, criminal, criminal federal[.]

(*Id.*)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which

---

[1] Page numbers refer to those generated by the Court's electronic case filing system.

he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore

dismisses this action as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to

cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court

declines to grant Plaintiff leave to amend.

## LITIGATION HISTORY

Plaintiff has filed 93 actions in this Court from December 17, 2019, through January 28,

2020. More than 70 of these actions have been dismissed as frivolous, and Plaintiff has been

warned that further vexatious or frivolous litigation in this Court will result in an order under 28

U.S.C. § 1651 barring him from filing new actions IFP unless he receives prior permission. *See,*

*e.g., Calvino v. Bank of America,* ECF 1:20-CV-0650, 3 (S.D.N.Y. Jan. 24, 2020); *Calvino v.*

*Armany,* ECF 1:20-CV-0387, 3 (S.D.N.Y. Jan. 17, 2020)*; Calvino v. Hadid*, ECF 1:20-CV-0138,

4 (S.D.N.Y. Jan. 9, 2020); *Calvino v. Little Wane Father*, ECF 1:20-CV-0134, 4 (S.D.N.Y. Jan. 9,

2020); *Calvino v. Sanchez*, ECF 1:20-CV-0065, 4 (S.D.N.Y. Jan. 9, 2020); *Calvino v. Sportefy*

*Inc.*, ECF 1:19-CV-11956, 4 (S.D.N.Y. Jan. 9, 2020); *Calvino v. Cirino*, ECF 1:19-CV-11953, 4

(S.D.N.Y. Jan. 7, 2020); *Calvino v All the women that sue me Int'l and Nat'l*, ECF 1:19-CV-

11914, 4 (S.D.N.Y. Jan. 7, 2020); *Calvino v. Salad*, ECF 1:19-CV-11827, 4 (S.D.N.Y. Jan. 7,

2020); *Calvino v. Trainor*, ECF 1:19-CV-11668, 4 (S.D.N.Y. Jan. 7, 2020); *Calvino v. Jones*,

ECF 1:19-CV-11601, 3 (S.D.N.Y. Dec. 23, 2019); *Calvino v. Internal Affe*, ECF 1:19-CV-11611,

3 (S.D.N.Y. Dec. 23, 2019); *Calvino v. Anneka C.*, ECF 1:19-CV-11610, 3 (S.D.N.Y. Dec. 23,

2019).

By order dated January 10, 2020, the Court directed Plaintiff to show cause why he should not be barred as of January 10, 2020, from filing any further IFP actions in this Court without first obtaining this Court's permission. *See Calvino v. Fauto L.*, ECF 1:19-CV-11958, 4 (Jan. 10, 2020). To date, Plaintiff has not responded to the Court's January 10, 2020 order. A review of this Court's records, however, reveals that Plaintiff has filed 49 new actions, of the total 93 actions Plaintiff has filed, after the Court's January 10, 2020 order.

## FILING RESTRICTIONS

It is well settled that "courts may resort to restrictive measures that except from normally available procedures litigants who have abused their litigation opportunities." *In re Martin-Trigona*, 9 F.3d 226, 228 (2d Cir. 1993). A court's power to restrict the litigation of abusive and vexatious litigants is an "'ancient one'" that is now codified at 28 U.S.C. § 1651(a), the All Writs Act. *Polur v. Raffe*, 912 F.2d 52, 57 (2d Cir. 1990) (quoting *In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir. 1982)). The Second Circuit has noted that "[s]ome courts have responded to vexatious litigants by completely foreclosing the filing of designated categories of cases" and that others "have adopted the less drastic remedy of subjecting a vexatious litigant to a 'leave of court' requirement with respect to future filings." *In re Martin-Trigona*, 9 F.3d at 228. In addition, the Court has the power to impose further sanctions such as costs, attorney fees, and double costs for the filing of frivolous actions, as well as an outright ban on certain proceedings, whether *pro se* or counseled. *See* Fed. R. Civ. P. 11.

"The unequivocal rule in this circuit is that [a] district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard." *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998); *see also Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999) ("Due process requires that courts

provide notice and opportunity to be heard before imposing *any* kind of sanctions" (citation and internal quotation marks omitted)).

Because of Plaintiff's well-documented, repeated, abusive, bad-faith, and vexatious litigation in this Court and the Court's need to deter further abuse, the Court directs Plaintiff to show cause in writing, within ten days of the date of this order, why the Court should not enter an order requiring Plaintiff to seek permission to file any new action he seeks to file in this Court. To seek permission, Plaintiff must:

a) Submit a motion titled "Motion for Leave to File" that explains why he should be permitted to file the new action or proceeding and why this Court is a proper venue for the action or proceeding;

b) Attach a copy of the order that imposes the filing restrictions;

c) Include either (i) the full filing fees or (ii) a request to proceed without prepayment of fees; and

d) Include a statement, made under penalty of perjury, stating that the claims are not frivolous or in bad faith, that the lawsuit is not brought for any improper purpose, such as to harass or cause unnecessary delay, and that the filing complies with this Court's orders, the Federal Rules of Civil Procedure, and this Court's Local Rules.

Within ten days of the date of this order, Plaintiff must submit to this Court a written declaration setting forth good cause why the Court should not impose these filing restrictions upon him. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why these filing restrictions should not be imposed, all of the above filing restrictions will be imposed. The Court will further direct the Clerk of Court not to open as new civil actions Plaintiff's submissions that do not comply with the above filing restrictions. **Any filings that Plaintiff submits that do not comply with the above filing restrictions will be discarded.**

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Clerk of Court is further instructed to hold this matter open on the docket until a civil judgment is entered.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff is granted ten days to show cause why the Court should not impose the above filing restrictions. A declaration form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    January 31, 2020
          New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| | |
|---|---|
| _____ | _____ |
| Executed on (date) | Signature |
| _____ | _____ |
| Name | Prison Identification # (if incarcerated) |
| _____ | _____ |
| Address                          City | State          Zip Code |
| _____ | _____ |
| Telephone Number (if available) | E-mail Address (if available) |